## Brookside Limited Partnership v. Big Beaver Falls Area School Board

74

*Mark B. Aronson*, for petitioner.
*Roberta C. Higley*, for respondent.

SAWYER, *P.J.*, January 14, 1982—This case is before the court on a petition filed on July 21, 1981, by Brookside Limited Partnership entitled, "Petition for Appeal from Assessment and Imposition of Big Beaver Falls Area School District Real Estate Tax for the Year 1979 Allegedly Due During the Months of June and July, 1981." An answer to this petition was filed by the school district, along with a memorandum of law. On September 29, 1981, a hearing was held before this court on the petition. Subsequent to that hearing, briefs were submitted by the parties to the court. The case is now before us for disposition.

Petititoner is the owner of an 8.025 acre tract of land designated as tax parcel 78-04-200-01, line 49, situated in White Township, Beaver County, on which is constructed certain dwelling units known as "Brookside Apartments." These dwelling units were built on petitioner's property in the summer of 1979. During construction of the apartment units, the school district real estate tax for the 1979-80 school year became due on the tract of land in question. Petitioner paid the amount of tax owing on its property; however, the tax which was paid by petitioner was based on the property being assessed as vacant land. On September 1, 1979, the school tax rolls closed. Sometime after September 1, 1979,

the mortgage closing having taken place in August, petitioner's building began to be occupied. In April of 1980, the school district, pursuant to the terms of 24 P.S. §6-677.1, petitioned the county assessor to reassess petitioner's property to reflect the additional taxes due on petitioner's property because of its occupancy as a residential dwelling. The reassessment was granted; and on May 8, 1980, the school district submitted a tax bill to petitioner's mortgage reflecting the additional 1979-80 school tax owed on the property. Petitioner's mortgagee, in turn, informed petitioner of the additional tax allegedly due in the school district for the 1979-80 school year. Petitioner then contacted the school district, questioning the propriety of the bill which led to the two parties entering into negotiations concerning the additional taxes. It is at this juncture in the facts that petitioner and the school district diverge in their respective recitations of the events which subsequently transpired.

According to the school district, the purpose of the negotiations entered into between the parties was to verify the correctness of the occupancy figures which had been used by the district to assess the additional tax against petitioner for the Brookside Apartment property. After recalculating the amount of tax owed to more precisely reflect the correct occupancy figures of Brookside Apartments, gleaned from those negotiations, the school district then issued a revised tax bill for the 1979-80 school year to petitioner on March 31, 1981.

According to petitioner, the purpose of the negotiations entered into between the parties was to discuss not the correctness of the occupancy figures, but rather the correctness of the retroactive nature of the tax imposed. Petitioner's position was that it had already paid the school tax owing on its

property for the 1979-80 school year; and, therefore, it could not be taxed again for the same year. It was petitioner's understanding that the interim assessment of May 8, 1980, as a result of the negotiations, had been withdrawn by the school district. Petitioner claimed to have no knowledge of any revised bill being sent to it or its mortgagee on March 31, 1981, but rather maintained that the school district made no attempt after the May 8, 1980, bill was withdrawn to levy any additional tax until July 14, 1981, when a bill was presented to petitioner's mortgagee.[1] It was after it received notice from its mortgagee of the July tax bill that petitioner filed its petition with this court.

Petitioner has classified its petition in the brief it submitted to this court as a "statutory appeal." However, petitioner never indicates in any of the papers it has filed with the court precisely what statute it is bringing its appeal under.

It is the school district's position that if petitioner is bringing its appeal pursuant to 72 P.S. § 5453.704, then this court lacks jurisdiction to hear the same because petitioner has not first appealed its case to the Board of Assessment Appeals which 72 P.S. § 5453.704 requires.[2] A fair reading of 72 P.S. § 5453.704 does indicate that a condition precedent to a court of common pleas hearing an appeal

---

1. This date was listed as July 9, 1981, in petitioner's brief. Obviously, the July 14 date, which was found in the petition, or the July 9 date, found in petitioner's brief, is wrong. For our purposes, we will use the July 14 date.

2. The language of that section reads as follows:

*Any person who shall have appealed to the board* for relief from any assessment, who may feel aggrieved by the order of the board in relation to such assessment, *may appeal from the order of the board to the court of common pleas of the county* . . . (Emphasis added.)

brought pursuant to 72 P.S. §5453.704 is that a prior appeal to the local board of assessment appeals must have taken place. Because no such appeal was taken in this case, this court would not have jurisdiction if, indeed, the petition could be classified as a 72 P.S. §5453.704 appeal.

It is petitioner's position that, because it is not disputing the reassessment value of its property but rather only the school district's right to impose additional taxes on it under 24 P.S. §6-677.1, it did not need to appeal first to the local board of assessment appeals. Petitioner maintains that it is not bringing an appeal pursuant to 72 P.S. §5453.704, but rather it is appealing the school district's right to use 24 P.S. §6-677.1 *in its case* to gather additional taxes.

Under 24 P.S. §6-677.1, a school district can petition the county assessor to inspect and reassess real property within its taxing district which has become taxable after September 1 when the tax assessment rolls close. Whether a certain piece of property has become taxable after September 1, under the language of 24 P.S. §6-677.1, depends on whether a "major improvement" occurred on the property after that date. It was and is the school district's position that the occupancy of petitioner's property as a residential dwelling in September of 1979 was a "major improvement" to the property within the meaning of 24 P.S. §6-677.1 and, as such, made the petitioner's property subject to the interim or additional school tax provided for by that section.[3] It was and is the petitioner's position that

3. The school district maintained that until petitioner's property became occupied, it was foreclosed by 72 P.S. §5453.203(b) from taxing petitioner's property as a residential dwelling. That section of the assessment law is designed to give a temporary tax exemption to the owners of the property

no "major improvement" within the meaning of 24 P.S. §6-677.1 occurred on its property after September 1, 1979, since all physical construction was completed prior to that date. The school district defines "major improvement" to encompass a change in tax status of the real estate caused by the occupancy, while petitioner limits the definition of "major improvement" to a change in the physical structure of the real estate caused by construction.

Although we see the substantive issue raised by the parties in this case, after carefully reviewing the language of 24 P.S. §6-677.1, it is the conclusion of this court that we do not have jurisdiction to hear the appeal as presented. Our reason for so concluding is found in the language of 24 P.S. §6-677 which reads as follows:

Whenever in second, third and fourth class school districts there is any construction of a building or buildings not otherwise exempt as a dwelling, after September first of any year and such building is not included in the tax duplicate of the school district, the authority responsible for assessments in the city, borough, township or county shall, upon the request of the board of school directors, direct the assessor in the district to inspect and reasess,

where new residential construction has taken place so long as the property has not been occupied, conveyed to a bona fide purchaser, or one year from the first day of the month in which falls the 60 days after which the building permit was issued or, if no building permit or other notification of improvement was required, then from the date construction commenced, has not passed. It was the school district's argument that once petitioner's building began to be occupied, which occurred in this case after September 1, 1979, petitioner's property lost the exemption given to it by 72 P.S. §5453.203(b). Having lost its exempt status, petitioner's property then could be taxed as residential property.

*subject to the right of appeal and adjustment pro-*
*vided by the act of Assembly under which assess-*
*ments are made*, all taxable property in the district
to which major improvements have been made
after September first, and to give notice of such
reassessments within ten days to the authority re-
sponsible for assessments, the school district and
the property owner. Such property shall then be
added to the duplicate, and shall be taxable for
school purposes at the reassessed valuation for that
proportionate part of the fiscal year of the school
district remaining after the property was im-
proved . . . (Emphasis added.)

It is our opinion that 24 P.S. §6-677.1 by this
language directs that any objections a property
owner might have with respect to the imposition of
the additional tax allowed for by 24 P.S. §6-677.1
should be processed according to the appeals pro-
cedure outlined in the assessment law. The section
of the assessment law which governs appeals to the
court of common pleas is 72 P.S. §5453.704. As
noted previously, a condition precedent to a court of
common pleas hearing an appeal brought pursuant
to 72 P.S. §5453.704 is that a prior appeal to the
local board of assessment appeals must have taken
place. Therefore, since no appeal was first made to
the Board of Assessment Appeals by petitioners in
this case, we do not have jurisdiction to hear the
appeal as presented. For this reason, we make the
order attached hereto.

## ORDER

And now, January 14, 1982, the petition of Brook-
side Limited Partnership is hereby dismissed.